## WILSON HUNT v. B. and J. DRANE.

EXECUTOR DE SON TORT: PARTNERSHIP.—An intermeddler with the assets of a partnership, after the death of one of the partners, is liable to account to the survivor, and is not therefore an *executor de son tort* of the deceased member of the firm.

IN error from the Circuit Court of Choctaw county.   Hon. W. L. Harris, judge.

*Jason Niles,* for the plaintiff in error,

Contended that the instruction of the court given at the instance of the plaintiff was manifestly erroneous.   That the proof showed that Hunt had collected only one or two small debts due to the firm of which King, the deceased, was a member, and that he was liable to account to the survivor, and not to the representatives or creditors of the decedent.   ·See *Stewart* v. *Buckhalter,* 28 Miss. R. 396.

*Featherston* and *Orr,* for the defendant,

In reply, insisted that the court would not disturb the verdict of the jury which convicted the defendant with intermeddling with the estate of King; as there was no such preponderance in the evidence against it, as by the numerous decisions of this court is required to authorize it to be set aside.   *Jenkins* v. *Whitehead,* 1 S. & M. 157; *Leflore* v. *Justice,* Ib. 381; *Ellzy* v. *Stone,* 5 Ib. 324; *Fisher* v. *Leach,* 10 Ib. 313; *Watson* v. *Dickson,* 12 Ib. 608; *Mann* v. *Manning,* Ib. 615; *Cicely* v. *The State,* 13 Ib. 202.

FISHER, J., delivered the opinion of the court.

This was an action commenced before a justice of the peace of Choctaw county; a judgment being rendered for the plaintiffs below, an appeal was prosecuted to the Circuit Court of said county, where the judgment was affirmed; from which a writ of error has been prosecuted to this court.

It appears that the plaintiffs sold certain articles to some person —the name does not appear—to be used in the burial of one Benja. King; that King and another were co-partners in the blacksmith business; that the defendant below collected one or two small debts due to this copartnership.   The plaintiffs seeking to hold him liable as *executor de son tort,* he insisted that the money belonged to the surviving partner and not to the estate of the deceased; and he, the defendant, was not therefore liable.   The

court being requested by the defendant's counsel to instruct the jury to this effect, refused to give the instruction.

We are of opinion that the court erred in refusing to give the instruction. The defendant had to account with the surviving partner, and not with the rightful administrator of the deceased.

Judgment reversed, new trial granted, and cause remanded.